**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 01-10688
Summary Calendar

JOHN DOE, Etc., ET AL.,

Plaintiffs,

JOHN DOE, Individually and as Next Friend
of a Public School Student, on behalf of Mary Doe;
JANE DOE, Individually and as Next Friend of a
Public School Student, on behalf of Mary Doe,

Plaintiffs-Appellants,

versus

CASTLEBERRY INDEPENDENT SCHOOL DISTRICT;
TERRY MYERS, Individually and in his
Official Capacity; KEITH BURGETT,
Individually and in his official Capacity;
CHRISTY HACKETT, Individually and in her
Official Capacity; NORMA NARDONE,
Individually and in her Official Capacity;
CASTLEBERRY INDEPENDENT SCHOOL DISTRICT
BOARD OF TRUSTEES, Individually and
in their Official Capacities,

Defendants-Appellees.

--------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CV-1764-Y
--------------------------------------------------------
January 16, 2002

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

The Does appeal the district court's dismissal of their complaint for failure to state a

claim. The Does first argue that the district court erred in determining that the facts alleged in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

their complaint were insufficient to set forth an actionable violation of Title IX of the education amendments of 1972. The facts alleged in the Does' complaint do not show that the appellees acted with deliberate indifference, nor do they show that Mary Doe was subjected to pervasive sexual harassment. See Davis v. Monroe County Bd. of Educ., 526 U.S. 629 (1999). The Does have not shown that the district court erred in granting the appellees' Rule 12(b)(6) motion with respect to their Title IX claim.

The Does likewise contend that the district court erred in determining that the facts alleged in their complaint were insufficient to show set forth an actionable violation of 42 U.S.C. § 1983. However, the facts alleged in the Does' complaint are insufficient to state a cause of action pursuant to the state-created-danger theory of § 1983 liability, as these facts do not show that the appellees' affirmative conduct caused the danger to which Mary Doe was exposed. See McClendon v. City of Columbia, 258 F.3d 432 (5th Cir. 2001). The Does have not shown that the district court erred in granting the appellees' Rule 12(b)(6) motion with respect to their § 1983 claim.

Finally, the individual appellees alternatively contend that they are entitled to qualified immunity, and the Does dispute this contention. Because we have determined that the Does have failed to state a claim against the appellees on which relief could be granted, there is no need to consider this issue.

The Does have not shown that the district court erred in granting the appellees' Rule 12(b)(6) motion and dismissing their suit. Accordingly, the judgment of the district court is AFFIRMED.

2